[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
This is an appeal from a judgment of the Allen County Court of Common Pleas in favor of plaintiffs-appellees, Gary P. and Deborah K. Richardson, and against defendants-appellants, Melvin K. and Sundra A. Winegardner, on the theory of adverse possession.
On appeal, the Winegardners raise the following three assignments of error:
 The trial court erred in applying the standard of a preponderance of the evidence to the facts in the case when the case involved issues of adverse possession.
 The trial court erred in finding that the plaintiffs had established adverse possession when the evidence did not support such a finding on all of the elements of adverse possession.
 The trial court erred in dismissing the defendants' counterclaim for trespass, ejectment, quiet title and damages.
The Ohio Supreme Court recently clarified the standard of proof required to establish adverse possession. The court held that "to acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." Grace v. Koch (1998), 81 Ohio St.3d 577, 581.
In the instant case, the trial court found that adverse possession of the disputed property was established by a preponderance of the evidence. We remand to the trial court for consideration of the evidence under the new standard of proof. The court may find this requires new pleadings or proof in rendering its decision. Accordingly, the Winegardners' first assignment of error is sustained and the second assignment of error is rendered moot. Because we are reversing the judgment in favor of the Richardsons, we also sustain the third assignment of error.
Accordingly, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT, P.J., and WALTERS, J., concur